IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WT PARTNERS, L.P. | § | CASE NO. 10-33086-H1-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

**MOTION OF 5919 WESTHEIMER PARTNERS, LTD.
D/B/A TRULUCK'S SEAFOOD FOR REIMBURSEMENT
OF EXPENSES FROM REGISTRY OF THE COURT**

Pursuant to Local Rule 9013:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THIS MATTER HAS BEEN SET FOR A HEARING ON JULY 12, 2010 AT 2:00 P.M. IN COURTROOM, THE FEDERAL COURTHOUSE, 515 RUSK, 4TH FLOOR, COURTROOM 404, HOUSTON, TEXAS 77002.**

COMES NOW 5919 Westheimer Partners, Ltd. d/b/a Truluck's Seafood ("Trulucks") and files this its Motion for Reimbursement of Expenses from Registry of the Court ("Motion") and would show as follows:

1.  On April 12, 2010, W.T. Partners, L.P. ("Debtor") filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code commencing this bankruptcy case ("Bankruptcy").

2.  Prior to filing the Bankruptcy, the Debtor was a lessee under a ground lease ("Ground Lease") with the ground-lessor, Bank of America, N.A., Trustee Under Testamentary Trust of Nellie H. Wilson, Deceased and Trustee Under Testamentary Trust of Ann Wilson Krausse, Deceased ("BOA, Trustee").

3.  The premises leased per the Ground Lease includes approximately 3.799 acres. The Debtor entered into a number of sub-leases with various tenants operating businesses on the leased premises. Truluck's is one of these subtenants. The other subtenants include Bank of America, N.A., BFS Retail and Commercial Operations (Bridgestone), Charles Schwab & Co., Inc., Spirit Halloween Superstore, LLC and Super Wash, Inc. (collectively referred to with Truluck's as "Subtenants").

4.  The chapter 7 trustee filed a motion to reject the Ground Lease and all of the leases with the Subtenants. After a hearing on April 22, 2010, the Court entered an order rejecting the Ground Lease but continuing the motion on the rejection of the subleases until June 18, 2010. *See* the Court's Order at Docket No. 23 attached hereto as Exhibit A and incorporated herein by reference ("Order").

5.  Per the Order, the Court permitted the subtenants to pay their rent into the registry of the Court pending final disposition of their subleases. Since that time, Truluck's has paid its monthly rent into the registry of the Court for the months of May, June and July. *See*, Notices filed by Truluck's at Docket Nos. 30, 35 and 51, and the corresponding receipts reflecting payment. Each

of the Notices state that the amount being deposited into the registry of the United States Bankruptcy Court for the Southern District of Texas was being made in accordance with the Court's April 22nd Order and rent payment is itemized as follows:

> **CAM**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $3,726.25
>
> **Sprinkler (etc) (a type of CAM expense)**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 137.50
>
> **Base Min Rent.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,437.50
>
> **Real Est. Taxes.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $6,500.00
>
> **Gross Receipts tax**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $158.13
>
> Total. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $35,959.38

Truluck's Notices further provide that Truluck's tender of rent is subject to its reservation of all rights, claims, remedies, credits, offsets and defenses that it has or may claim to have under state and/or federal law.

6.   A review of the PACER docket in the Bankruptcy reflects that Bridgestone and Charles Schwab have paid rent into the registry of the Court as well.

7.   Truluck's is a high-end restaurant. Maintaining a lighted parking lot at night and keeping the grounds surrounding the restaurant groomed and clean at all times are important to Truluck's clientele and its business in general. Trulucks has continued to maintain the flower beds immediately in front of the restaurant, as it did prepetition per the terms of its lease. However, prior to filing the Bankruptcy, pursuant to the terms of Truluck's lease, the Debtor was responsible for certain bills and Truluck's shared in those expenses by paying the various common area maintenance charges in its lease.

8.   Pursuant to Articles I, V and VI of its lease (and in accordance with annual

adjustments), Truluck's has paid $3,726.25 and $137.50 per month, for a total of $11,591.25 in CAM charges since the petition date, which amounts were paid into the registry of the Court.[1] However, because the Debtor is in bankruptcy and the Subleases, including the Truluck's lease, are in a state of limbo, and because the Chapter 7 Trustee is not required to maintain the property except as set forth in the Court's April 22nd Order, Truluck's has been paying various bills to keep services from being terminated. If these services, such as city water and the electricity which powers the street lights on the property, were terminated, Truluck's business would be negatively impacted. Any such negative impact may even be irreparable.

        9.       Consequently, Truluck's has been "paying twice" for these services, the expense for which would normally be applied to Truluck's common area maintenance charges (including the sprinkler charge). Truluck's has not reviewed all of the other Subleases, but is informed and believes that at least some of the subtenants would also be sharing pro rata in these same expenses. In fact, Truluck's attempted to form some sort of ad hoc committee of subtenants for handling these service charges, maintenance and safety issues on the properties, but was unsuccessful.

        10.      Truluck's is seeking the following monies from the registry of the Court to make it whole and rectify its having paid "twice" for services intended to be provided under the terms of its lease:

| Exhibit Attached Hereto | Service Provider | Type of Service | Date Paid (Date on Check) | Amount Paid |
|---|---|---|---|---|
| B | City of Houston | Water | 5/3/2010 | $559.59 |

---

[1] This does not include the amounts paid for taxes and base rent.

| C | City of Houston | Water/Sewer | 5/3/2010 | $33.44 |
|---|---|---|---|---|
| D | City of Houston | Water | 6/16/2010 | $399.55 |
| E | City of Houston | Water/Sewer | 6/14/2010 | $30.49 |
| F | City of Houston | Water | 7/2/2010 | $543.35 |
| G | City of Houston | Water/Sewer | 7/2/2010 | $41.11 |
| H | Direct Energy | Electricity | 5/3/2010 | $238.76 |
| I | Direct Energy | Electricity | 6/14/2010 | $253.88 |
| J | Direct Energy | Electricity | 7/2/2010 | $527.99 |
| Total: | | | | $2,628.16 |

11.     It should be noted that, in preparing this motion for filing, Truluck's discovered that the service provider providing electricity which powers the light poles in the parking lots terminated the service during the weekend of July 4th. Truluck's representatives were informed by the service provider that the service was terminated despite the account being current. The reason for termination given by the customer service representative "because of the sale of the business" (presumably this means that the service was terminated because of the bankruptcy filing). Truluck's is inquiring into reinstatement of the service.

12.     Truluck's requests that the Court enter an order authorizing release of $2,628.16 from the registry of the Court in this case to reimburse Truluck's for the payment of these services.

WHEREFORE, Truluck's prays that the Court grant this Motion, enter an order directing the

clerk of the court to release $2,628.16 to Truluck's from the registry of the Court in this case and for such other relief as is proper and just.

        Respectfully submitted,

        By:/s/ *Gretchen G. McCord*
          Gretchen G. McCord
          Texas Bar No. 00798203
          2800 Post Oak Blvd., 61st Floor
          Houston, Texas 77056-5705
          713.960.0303
          713.892.4800 (Fax)
        ATTORNEYS FOR 5919 WESTHEIMER PARTNERS, LTD D/B/A TRULUCK'S SEAFOOD

OF COUNSEL:
NATHAN SOMMERS JACOBS,
A PROFESSIONAL CORPORATION
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056-5705
713.960.0303
713.892.4800 (Fax)

## **CERTIFICATE OF SERVICE**

  This is to certify that a true copy of the foregoing Motion for Reimbursement has been forwarded to the parties listed on the attached service list by first class U.S. mail, postage prepaid, or by ECF on this 6th day of July, 2010.

              By:/s/ *Gretchen McCord*
                Gretchen McCord
                2800 Post Oak Blvd., 61st Floor
                Houston, Texas 77056
                713.960-0303
                713.892-4800 - Fax

Service List

**Debtor**
WT Partners, L.P.
225 West Washington Street
Indianapolis, IN 46204

**Debtor's Counsel**
Brian Alan Abramson
Diamond McCarthy LLP
909 Fannin, Suite 1500
Houston, TX 77010

**Chapter 7 Trustee, and Counsel for Trustee**
David J Askanase
Steven D. Shurn
Hughes Watters and Askanase LLP
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002

**U.S. Trustee**
U.S. Trustee's Office
515 Rusk, Suite 3516
Houston, TX 77002

**Creditors**

| | | |
|---|---|---|
| Bank of America N.A. as Trustee<br>1025 Main Street, 4th Floor<br>Waltham, MA 02451-7408 | BFS Retail and Commerical Operation<br>333 East Lake<br>Bloomingdale, IL 60108 | Beck, Redden & Secrest<br>1221 McKinney Street, Suite 4500<br>Houston, TX 77010 |
| Charles Schwab & Co. Inc.<br>101 Montgomery Street<br>San Francisco, CA 94104 | City of Houston<br>P.O. Box 1560<br>Houston, TX 77251 | Comptroller of Public Accounts<br>111 East 17th Street<br>Austin, TX 78774-0100 |
| Direct Energy<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222 | Harris County<br>Attn: Leo Vasquez<br>Tax Assessor-Collector<br>P.O. Box 4622<br>Houston, TX 77210 | Page Partners<br>2700 Post Oak Blvd., Suite 325<br>Houston, TX 77056 |
| Phoenix Pest Control<br>5501 Holly<br>Houston, TX 77081 | Simon Management Associates (TX)<br>225 West Washington St<br>Indianapolis, IN 46204 | Spencer Outdoor Ltd<br>P.O. Box 88207<br>Houston, TX 77288-0207 |
| Spirit Halloween Superstore, LLC<br>6826 Black Horse Pike<br>Egg Harbor Twp. NJ 08234 | Super Wash, Inc.<br>8723 Falling Brook Drive<br>Houston, TX 77064 | Waste Management of Texas, Inc.<br>1904 Afton Road<br>Houston, TX 77005 |
| Westheimer Partners, LTD<br>3 Ourlane Cove<br>Houston, TX 77024-2751 | | |

**Parties Requesting Notice**
Ferdinand P Cribbs, Jr
Wilson Cribbs et al
2500 Fannin
Houston, TX 77002

Matthew Scott Okin
Okin Adams & Kilmer LLP
1113 Vine Street, Suite 201
Houston, TX 77002

Nancy Lynne Holley
U S Trustee
515 Rusk St., Ste 3516
Houston, TX 77002